IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOSE RAMIREZ,**

        Plaintiff,

No. 3:16-CV-00663-MO

OPINION AND ORDER

    v.

**LINCARE, INC.,** a corporation,

        Defendants.

**MOSMAN, J.**,

    Plaintiff Jose Ramirez ("Ramirez") alleges defendant Lincare, Inc. ("Lincare") violated the Oregon Safe Employment Act, ORS 654.062, by retaliating against him for making good faith complaints about workplace safety. Lincare filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) seeking dismissal of Ramirez's claims for noneconomic damages and attorney's fees on the grounds ORS 654.062 does not allow for either of those remedies. A few days after Lincare filed its Motion, Ramirez moved to amend his Complaint to allege damages – both economic and noneconomic – in an amount below the minimum required for a diversity action. After careful consideration of the parties' briefing, I DENY Ramirez's Motion to Amend His Complaint (10) and GRANT Lincare's Motion for Judgment on the Pleadings (9).

### I.    BACKGROUND

    This is the second time in this case I have considered whether ORS 654.062 allows for recovery of noneconomic damages and attorney's fees. I first addressed this issue when Lincare removed this

1 –OPINION AND ORDER

case to federal court in May 2014. *Ramirez v. Lincare, Inc.*, Civ. No. 3:14-cv-00836-MO (the "2014 case"), Notice of Removal, dkt. no. 1.

In November 2015, on the eve of trial in the 2014 case, Lincare moved to dismiss Ramirez's noneconomic damages and attorney's fees claims on the grounds ORS 654.062 did not allow for those remedies. *Ramirez v. Lincare, Inc.*, Civ. No. 3:14-cv-00836-MO, Def.'s Mot. to Dismiss and Alternative Mot. to Certify Question to Oregon Supreme Court, dkt. no. 57. I heard oral argument on Lincare's Motion during the November 30, 2015 pretrial conference and granted Lincare's Motion at the end of the hearing. *Id.*, Minutes of Proceeding and Order of Dismissal, dkt. nos. 73, 75. Specifically, I stated the footnote in *Hamlin v. Hampton Lumber Mills*, 349 Or. 526 (2011) observing that "[v]iolation of ORS 654.062(5) does not permit an award of noneconomic or punitive damages," *id.* at 530, n. 5, is a "convincing statement of how the [Oregon] Supreme Court would decide this question." *Ramirez v. Lincare, Inc.*, Civ. No. 3:14-cv-00836-MO, Tr. Pretrial Conference at p. 7:4-8, 17-20, dkt. no. 77. Because Ramirez's remaining economic damages claim did not meet the minimum required for diversity jurisdiction, I dismissed his case for lack of subject matter jurisdiction. *Id.,* Order of Dismissal, dkt. no. 75. I later granted Ramirez's Motion to Reconsider and remanded this case to state court. *Id.*, Order, dkt. no. 80.

This case progressed in Multnomah County Circuit Court until April 2016 when Ramirez filed an Amended Complaint for Damages seeking economic damages in the amount of $28, 128.00, noneconomic damages in the amount of $150,000.00, and an award of attorney's fees and costs. (Notice of Removal, Ex. J., dkt. no. 1-10). Lincare once again removed the case to federal court on April 18, 2016. (Notice of Removal, dkt. no. 1). Lincare now moves for judgment on the pleadings and an order dismissing Ramirez's claims for noneconomic damages and attorney's fees for the same reason that it sought dismissal in the 2014 case: these remedies are not available under ORS 654.062.

Ramirez's Response asserts that his Motion to Amend, if granted, "effectively moots defendant's motion . . . because the amount prayed for would be less than the jurisdictional limits of Federal Court and . . . [the Court] will lack jurisdiction to make any further rulings in the case." (Pl.'s Resp. to Def.'s Mot. for Judgment on the Pleadings, dkt. no. 11). Lincare replies with citation to multiple authorities stating reduction of the amount recoverable in a complaint does not deprive a district court of jurisdiction after removal.

Ramirez's proposed amended complaint reduces his total damage claim to $74, 128.00.[1] (Plaintiff's Motion to Amend His Complaint, dkt. no. 10). Lincare opposes Ramirez's Motion to Amend because: (1) his motion is untimely and he has not demonstrated good cause to extend the deadline to file pleadings under Fed. R. Civ. P. 15; and (2) amendment would be futile.

## II.    LEGAL STANDARDS

After an initial period for amendments as a matter of right, pleadings may be amended only with the opposing party's consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend the pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2). A court considers five factors when determining whether to grant leave to amend under Rule 15: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A court need not apply all five factors in each case, *id.*, and not all factors merit equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment by itself can justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "[A] proposed amended complaint is futile only if no set of facts can be proved under the

---

[1] Plaintiff's Motion to Amend His Complaint states that he seeks to amend his Amended Complaint to reduce the relief sought and "to drop his second and third claims for relief." (Pl.'s Mot. Amend His Compl., dkt. no. 10). However, Ramirez's Amended Complaint for Damages does not include a second or third claim for relief; it only includes a First Claim for Relief (Safety Complaint Retaliation). (Notice of Removal, Ex. J, dkt no. 1-10).

amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (citation omitted).

Rule 12(b)(6) and 12(c) are "functionally equivalent;" both permit challenges to the legal sufficiency of the opposing party's pleadings. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings under Rule 12(c) is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

### III.   DISCUSSION

#### A.  Ramirez's Motion to Amend His Amended Complaint for Damages

Ramirez's proposed amended complaint reduces the amount of noneconomic damages sought from $150,000.00 to $46,000.00 and adds a claim for "violation of Oregon wage and hour statutes, in an amount to be proven at trial." (Pl.'s Mot. to Amend His Compl., Ex. A at ¶ 15, dkt. no. 10-1). The amount sought for economic damages remains the same ($28, 128.00) as does Ramirez's claim for attorney's fees and costs. (*Id.*). Allowing Ramirez to amend to reduce but not eliminate his noneconomic damages and to add claim for violation of Oregon's wage and hour statutes would be futile. *Sweaney*, 119F.3d at 1393. As discussed above, in the 2014 case, I found noneconomic damages and attorney's fees are not available remedies under ORS 654.062. *Ramirez v. Lincare, Inc.*, Civ. No. 3:14-cv-00836-MO, Tr. Pretrial Conference at p. 7:4-8, 17-20, p. 22:17-23:21, dkt. no. 77. Additionally, in the 2014 case, this Court dismissed all of Ramirez's wage claims. *Id.*, Opinion and Order, dkt. no. 35).

Although futility of amendment alone is a sufficient basis to deny a motion to amend, the remaining factors a court considers regarding a motion to amend also weigh against granting Ramirez's Motion. *Allen*, 911 F.2d at 373. First, Ramirez's delay in moving to amend his Complaint until six

4 –OPINION AND ORDER

weeks after the deadline set forth in the Court's scheduling order without any offered justification supports denying his Motion. *Id.* (listing undue delay in a factor a court weighs in considering whether allowing leave to amend). Next, the timing of Ramirez's motion—a few days after Lincare moved for judgment on the pleadings—and his failure to offer any reason for amending his complaint support a conclusion that the Motion is a bad faith dilatory maneuver. *Id.* (listing bad faith as a factor when considering a motion to amend). This is especially true in light of Ramirez's assertion that allowing the proposed amendment "effectively moots defendant's motion for judgment on the pleadings" and requires remanding this matter to state court. (Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings, dkt. no. 11). Prejudice to the opposing party also weighs against allowing Ramirez to amend his Complaint. *Allen*, 911 F.2d at 373 (listing prejudice as a factor when considering a motion to amend). Allowing Ramirez to amend would unfairly defeat Lincare's statutory right to removal as well as force Lincare to expend additional resources litigating this matter in state court. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) (stating "[i]f plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his claim to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."). Finally, Ramirez previously amended his Complaint on April 12, 2016, while this matter was proceeding in the Multnomah County Circuit Court. *Id.* (listing previous amendments as a factor to consider in allowing leave to amend).

Because the five factors a court considers when determining whether to grant leave to amend weigh against allowing amendment, I deny Ramirez's Motion to Amend.

### B. Lincare's 12(c) Motion for Judgement on the Pleadings

Lincare moves for judgment on the pleadings on the grounds that, even if all material facts in Ramirez's Complaint are true, it is entitled to judgment as a matter of law on Ramirez's claims for

noneconomic damages and attorney's fees. Lincare seeks an order dismissing those claims. Additionally, because only equitable remedies are available under ORS 654.062, Lincare seeks an order striking Ramirez's demand for a jury trial and ordering trial, if necessary, before the Court.

In support of its Motion, Lincare relies on the same arguments it made in support of its Motion to Dismiss in the 2014 case and asserts my prior ruling that ORS 654.062 provides only for equitable relief and does not allow for noneconomic damages or attorney's fees is the law of the case. I agree my prior ruling on Lincare's Motion to Dismiss in the 2014 case is the law of the case. Under the law of the case, "a court is generally precluded from reconsidering an issue that has already been determined by the same court, or a higher court, on the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (citation omitted). A court may depart from the law of the case if: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. *Id.* If none of the requisite factors are present, failure to apply the law of the case is an abuse of discretion.

In this case, none of the relevant factors justifying departing from my prior ruling. Accordingly, for the same reasons set forth on the record in the 2014 case, I grant Lincare's Motion for Judgment on the Pleadings and dismiss Ramirez's claims for noneconomic damages and attorney's fees. I also strike Ramirez's demand for a jury trial and set this matter for trial, if any, before the Court.

I agree with Lincare that this Court can maintain jurisdiction following dismissal of Ramirez's claims for noneconomic damages and attorney's fees even though the amount in controversy is less than jurisdictional requirement in diversity. Events occurring after the filing of a complaint that reduce the amount in controversy do not oust the court's jurisdiction. *St. Paul Mercury*, 303 U.S. at 289-90. In cases removed from state court there is a "strong presumption that the plaintiff has not claimed a large

amount in order to confer jurisdiction on a federal court." *Id.* at 290. Here, considering the entire history of this case in federal court starting in 2014, it is clear Ramirez did not initially claim a large amount as a ruse to confer federal jurisdiction and, when Lincare removed his Complaint for the first time in 2014, his claims were "colorable for the purpose of conferring jurisdiction." *Id.* at 289-90. To the extent that my prior conclusion that I lacked jurisdiction to make any further rulings in this case after the amount in controversy fell below the jurisdictional amount required for diversity could be construed as either a blanket finding applicable in all instances or as the law of the case, I find that decision was in error in light of the Supreme Court's holding in *St. Paul Mercury*.

## IV.    CONCLUSION

For the reasons explained above, I DENY Ramirez's Motion to Amend His Complaint (10) and GRANT Lincare's Motion for Judgment on the Pleadings (9). Ramirez's claims for noneconomic damages and attorney's fees and costs are dismissed. Ramirez's demand for a jury trial is stricken and trial on Ramirez's remaining equitable claims will be before the Court.

DATED this __2nd__ day of December, 2016.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge